## McCoy v. Tax Claim Bureau

*Milton S. Margolis*, for petitioner.

*Theodore O. Rogers*, for Tax Claim Bureau.

WINDLE, P. J., April 2, 1956.—These objections and exceptions to a tax sale are presented in the form of a petition to set aside and declare void a sale by the Tax Claim Bureau of Chester County of a certain messuage and lot of land in Valley Township in this

county owned by petitioner prior to and at the time of said sale. While not approving the practice and procedure they will be disposed of on their merits.

The reasons assigned by petitioner for the relief sought are that notice of the filing with the bureau of delinquent taxes for the year 1953 was not sent petitioner until August 10, 1954, contrary to the appropriate provisions of the Real Estate Tax Sale Law of 1947 and that taxes on said property paid by petitioner for the year 1954 should have been applied to the delinquent taxes of 1953. Neither reason can be sustained.

The Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.101, provides at section 308, as amended, that the Tax Claim Bureau give notice to the taxpayer not later than the thirty-first day of July of each year that a return has been made to it by a taxing district that taxes on his property are unpaid. Section 311 of said act, as amended, provides that on the first day of January next following said notice if the amount of the tax claim referred to in said notice has not been paid or exceptions filed thereto, the claim shall become valid. And section 607 of said statute governing the confirmation of tax sales, at subparagraph (d) provides:

"Any objections or exceptions to such a sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, or of the return thereof to the bureau, or the claim entered therefor." . . .

Upon consideration of the above provisions of the act it is clear that petitioner's first reason above stated may not be sustained. He is, on exceptions to the sale, seeking to attack the validity of the claim which is expressly prohibited by the above last quoted excerpt from the statute.

Nor is the second reason in any better case. We see no merit in it, but if there were it is a reason which should have been advanced in an attack on the validity of the claim if said payment of 1954 taxes was made before said claim became valid, and is, therefore, not now available to attack the validity of the sale. If said payment was not made until after that time it could not affect said validity.

Exceptions overruled.

Petitions denied.

Counsel for the Tax Claim Bureau of Chester County will present an appropriate decree for confirmation absolute of the tax sale here in question.